IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JASON A. BOAN, on behalf of himself and all others similarly situated, | ) ) ) ) | CIVIL ACTION FILE NO. |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | COLLECTIVE ACTION COMPLAINT |
| MACON BEDROOM & MATTRESS, INC., | ) ) ) ) | For Violations of the Fair Labor Standards Act of 1938, As Amended |
| Defendant. | ) ) | JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Jason Boan (hereinafter "Plaintiff" or "Boan"), by and through his undersigned counsel, and files this Complaint on behalf of himself and all others similarly situated against the Defendant Macon Bedroom & Mattress, Inc. (and its affiliated companies)("MBM" or "Defendant") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, as amended (hereinafter "the FLSA"), and in support thereof would state as follows:

### I. INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, to remedy violations of the regular and overtime provisions of the FLSA by Defendant

which have deprived the named Plaintiff, as well as others similarly situated to the Plaintiff, of their lawful overtime wages.

2. Other current and former employees of Defendant are also entitled to receive regular and overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiff is permitted to maintain this action "for and on behalf of [himself] and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated employee wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

3. This action is brought to recover unpaid overtime compensation owed to the Plaintiff and all current and former employees of Defendant who are similarly situated to the Plaintiff, pursuant to the FLSA. The Plaintiff and the collective group similarly situated are or have been employed by Defendant, working as salespeople.

4. During the applicable statute of limitations prior to the filing of this Complaint (three years), Defendant has committed violations of the FLSA by failing to compensate their employees at an overtime rate for hours worked in excess of 40 hours in a given workweek and by making impermissible deductions from its employee's compensation.

5. Plaintiff and all similarly situated employees who elect to participate in this action seek reimbursement of unauthorized deductions, unpaid overtime compensation for work performed, and an equal amount of liquidated damages to compensate them for the delay in payment of money due which Defendant instead used as working capital, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

7. Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391 (b)-(c) because the acts complained of occurred within the State of Georgia and the jurisdiction of this Court.

## III. PARTIES

8. Plaintiff JASON BOAN resides in Macon, Georgia (within this District) and is a citizen of the United States. Boan was employed by the Defendants as a salesperson at Defendant's Macon and Warner Robins locations. He regularly worked for Defendants within this District.

9. At all times material to this action, the named Plaintiff and all members of the collective action are and/or were "employees" of Defendants as defined by

§ 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit. These same individuals are further covered by Section 207 of the FLSA for the period in which they were employed by Defendants. Plaintiff brings this action on behalf of himself and other similarly situated employees pursuant to 29 U.S.C. § 216(b). *See* Consent Form attached hereto as "Exhibit 1." Plaintiff and the similarly situated employees are individuals who were, or are, employed by Defendant as salespersons.

10. Defendant MACON BEDROOM & MATTRESS, INC. is a corporation based in Georgia which conducts business within this State and maintains its principal place of business at 3815 Mercer University Drive, Macon, GA  31204. Defendant also has locations at 5011 Riverside Drive, Suite B, Macon, GA 31210 and 3070 Watson Blvd, Suite 100, Warner Robins, GA  31093. Defendant owns and operates a business providing mattresses and bedroom furniture to the general public.

11. Defendant maintains either actual or constructive control, oversight and direction over the operation of its employees, including the practices of those operations.

12. Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its designated agent, Derek Simpson, 249 Madison S. Dr., Macon, GA 31220.

13. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 203(s)(1) of the FLSA. For example, Defendant regularly utilizes a number of goods purchased through interstate commerce (including, but not limited to, automobiles, gasoline, cellular telephones) and utilizes interstate services (including, but not limited to, contracting with commercial enterprises located outside of the State of Georgia, processing credit cards from, and with, individuals and companies located outside of Georgia, and utilizing interstate tracking systems) in its business.

14. Plaintiff regularly participated in interstate commerce during his employment with Defendant. For example, Plaintiff regularly assisted with the sales of materials made outside of the State of Georgia to Georgia residents. Plaintiff regularly utilized interstate means of communication, such as telephones and electronic mail, during his employment with Defendant. Plaintiff also processed monetary and credit card transactions on behalf of individuals who resided, or whose financial institutions were located, outside of the State of Georgia.

15. Upon information and belief, at all times relevant to this action, Defendant had an annual gross volume of sales which exceeded $500,000.

16. At all times material to this action, Defendant was an "employer" of the named Plaintiff and/or others similarly situated, as defined by § 203(d) of the FLSA.

17. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## IV. VIOLATIONS OF THE FLSA

### Overtime Compensation

18. During the period of time material to this action, Defendant employed Plaintiff Jason Boan and other similarly situated employees as salespersons.

19. During periods throughout the last three years, Plaintiff frequently worked more than 40 hours per week without being paid overtime compensation. Mr. Boan's typical weekly schedule was 8:30 a.m. to 8:00 p.m., Monday through Wednesday, 8:30 a.m. to 6:00 p.m. on Saturdays, and 12:00 p.m. to 6:00 p.m. on Sundays, or 48 hours per week. Mr. Boan was required to be paid no less than $522.00 per week pursuant to Section 7(i) of the FLSA, with no less than half of that amount consisting of commissions.

20. There were weeks during his employment at MBM, including during the past three years, when he was paid less than $522.00 per week. For example, during

the pay period between 4/15/2013-4/28/13, Mr. Boan was paid 969.86 for 80 hours of work, despite working 96 hours that week. *See* "Exhibit 2," hereto.[1]

21. There is an issue regarding the permissibility of MBM's practice and policy of deducting 10% of its employees' commission for operating costs (described by MBM as "freight") and whether such deductions disqualify MBM from utilizing the FLSA's Section 7(i) exemption.

22. There is also an issue regarding MBM's practice and policy of offering, but failing to pay, sales performance incentive funds (aka "spifs") on certain items or groups of items in MBM's stores sold by MBM's salespersons.

23. During periods throughout the last three years, Defendant failed to properly compensate Plaintiff for overtime hours worked in violation of the FLSA and made improper deductions from Plaintiff's paycheck.

24. Plaintiff claims that overtime wages were not properly paid to him during his employment with MBM.

---

[1] Mr. Boan recognizes that the pay period of 4/15/2013-4/28/13 is outside of the applicable statute of limitations, but this is one of the only pay stubs in Mr. Boan's possession. In an effort to determine whether Mr. Boan's right to receive overtime compensation was violated during the applicable statute of limitation and to determine which specific weeks he was not properly paid overtime, on July 30, 2018, Mr. Boan, through counsel, requested that Defendant "produce all records required to be maintained under the FLSA (29 C.F.R. §§516.2(a) and 516.16) during Mr. Boan's last three years of employment at MBM." *See* "Exhibit 3," hereto. As of the date of this filing, Mr. Boan has not received any documents or information responsive to his July 30 request.

## VIII. PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That, at the earliest possible time, he be allowed to give notice of this action, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by Defendant for any entity own, run, or managed by Defendant operation within the United States. Such notice shall inform them that this civil action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they were not paid by Defendant for all hours worked in excess of 40 hours in a workweek at any time during the preceding three years or if Defendant otherwise deprived them of compensation related to expenses incurred on Defendant's behalf or for all hours worked at the regular rate of pay. Plaintiff will file a motion for conditional certification as soon as practicable.

B. That Plaintiff be awarded damages in the amount of his unpaid compensation plus an equal amount of liquidated damages to

compensate Plaintiff for the delay in payment of regular and overtime compensation due which the Defendants unlawfully used instead as personal capital or working capital of the business;

C. That Plaintiff be awarded prejudgment interest;

D. That Plaintiff be awarded reasonable attorneys' fees;

E. That Plaintiff be awarded compensatory damages;

F. That Plaintiff be awarded punitive damages;

G. That Plaintiff be awarded the costs and expenses of this action; and

H. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 21st day of August, 2018.

/s/ Tyler B. Kaspers

Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA 31201
404-944-3128
tyler@kaspersfirm.com

Counsel for Plaintiff